# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL RODRIGUEZ, | ) | Civil Action No. 7:12-cv-00268 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JACK LEE, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

      Miguel Angel Rodriguez, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights under the United States Constitution by refusing his request for a pair of prescription tinted eyeglasses, and by denying access to an "inmate helper" to assist Rodriguez with his legal research. The defendants have filed a motion for summary judgment, to which Rodriguez has responded, making this matter ripe for disposition. Upon consideration of this action, I find that defendants' motion for summary judgment should be granted.

## I.

      In his complaint, Rodriguez names as defendants Jack Lee, Superintendent; Cathy Riley, R.N.; and Dr. Moises Quiñones. All three are employees of the Middle River Regional Jail ("MRRJ"), where Rodriguez was incarcerated at all times relevant to this action.[1] Rodriguez asserts that he requires "glare reducing tint lenses," in addition to the regular bifocals he already possesses, due to a medical eye condition.[2] Rodriguez alleges that, as a result of not having the

---

[1] Subsequent to filing his complaint, Rodriguez was transferred to Powhatan Correctional Center, and then to Deerfield Correctional Center, where he is currently incarcerated.

[2] Rodriguez states that already owns prescription tinted eyeglasses; however, defendants have refused his requests to permit him to have the tinted eyeglasses in jail.

tinted eyeglasses, he suffers from "pain, irritation and strain in [his] eyes and headaches" as well as deteriorated vision.

In January 2012, Rodriguez wrote a letter to Superintendent Lee, requesting the tinted eyeglasses. Lee denied Rodriguez's request. On April 26, 2012, Rodriguez saw Dr. Quiñones and requested permission for tinted eyeglasses, but Dr. Quiñones denied his request. Rodriguez alleges that defendants have informed him that he is only permitted one pair of prescription eyeglasses; however, he denies that they have shown him any "proof" of this rule. Rodriguez further asserts that following his transfer from MRRJ to Powhatan Correctional Center, the eye doctor at Powhatan provided him with a prescription for tinted eyeglasses.

Rodriguez also claims that certain jail employees, who are not listed as defendants in his complaint, denied his request for another inmate to assist him with his law library research.[3] Rodriguez requested that another inmate be permitted to assist his search for information related to his legal case, and help him learn how to operate the law library research system. He states jail officials informed him that the MRRJ does not offer a legal clerk.

Defendants have filed affidavits in support of their motion for summary judgment. Dr. Quiñones states he first became aware of Rodriguez's request for tinted eyeglasses on April 26, 2012, when he saw him for sick call. While Rodriguez requested the glasses, he did not complain of, nor was there evidence of, any medical or ophthalmic condition making tinted eyeglasses necessary. Dr. Quiñones avers that he is unaware of any condition, except for short-term post-eye surgery or dilation, which would make tinted eyeglasses medically necessary, and considers tinted eyeglasses merely a user preference.

---

[3] Rodriguez asserts that Cpl. Gregory, Cpt. Shiffle and Major Nicholson refused his requests for another inmate to assist him in the law library.

Nurse Riley avers that she received several medical request forms from Rodriguez seeking authorization for a pair of tinted eyeglasses, in addition to the regular prescription eyeglasses he had already. However, after Superintendent Lee determined that Rodriguez could not have a second pair of eyeglasses, and Dr. Quiñones determined that Rodriguez did not have a medical need for tinted eyeglasses, Nurse Riley lacked any authority to approve his request.

Superintendent Lee avers that prison regulations permit inmates only one pair of prescription or reading glasses, and that tinted lenses are not permitted for safety and security reasons. Lee states he denied Rodriguez's request for tinted eyeglasses because there was no medical reason to make an exception to the rule. Lee further states that MRRJ allows inmates to access an electronic law library, contained in kiosks on mobile carts that rotate among the housing units within the jail. Instructions and electronic "help" are provided with each cart, however, MRRJ does not provide inmate helpers to assist with legal research.

**II**.

Summary judgment under Rule 56 should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50.

In considering a motion for summary judgment, a court must view the record as a whole

3

and draw all reasonable inferences in the light most favorable to the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The party seeking summary judgment bears the burden of showing an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325. If the moving party sufficiently supports its motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts illustrating genuine issues for trial. *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008) (citation omitted). On those issues for which the non-moving party has the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in the rule. Fed. R. Civ. P. 56(c); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993); s*ee also Cheatle v. United States*, 589 F. Supp. 2d 694, 698 (W.D. Va. 2008) ("Indeed, the non-moving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation.") (citation omitted).

The court's role is to determine whether there is a genuine issue based upon the facts, and "not . . . weigh the evidence and determine the truth of the matter." *Anderson,* 477 U.S. at 249. Ultimately, the trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

**III.**

Rodriguez alleges that the denial of his request for tinted eyeglasses violates the Eighth Amendment and that the denial of a helper in the law library violates his constitutional due process right to access the courts. Although federal courts liberally construe complaints filed by *pro se* litigants, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), liberal construction does not mean

4

that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

I conclude that the undisputed material facts demonstrate that Rodriguez has not established that defendants acted with deliberate indifference to his eye complaints, nor has he shown that he suffered any actual injury from the alleged denial of access to courts. He has therefore failed to establish any claim of constitutional magnitude.

To establish an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that jail officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). To establish deliberate indifference, a plaintiff must show that the defendant had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *see also Farmer*, 511 U.S. at 837. The officer's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Treatment below the standard of care shows negligence,

but negligence is not sufficient to establish a claim of deliberate indifference. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002); *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995). Furthermore, questions of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) (citing *Shields v. Kunkel*, 442 F.2d 409 (9th Cir. 1971)).

Defendants' refusal to provide the prescription tinted eyeglasses that Rodriguez thought he needed does not rise to the level of a constitutional violation because the facts alleged do not support a finding of deliberate indifference. Dr. Quiñones's evidence establishes that he did not ignore Rodriguez's complaints. Specifically, Dr. Quiñones examined Rodriguez and determined, in his medical judgment, there was no medical necessity or serious medical condition requiring Rodriguez to wear tinted eyeglasses, in addition to his regular eyeglasses. (Docket No. 25-3, pp. 1-2) Mere disagreement between an inmate and medical staff as to diagnosis or course of treatment does not, in and of itself, state a constitutional violation. S*ee Wright*, 766 F.2d at 849. Further, the fact that an eye doctor at a different correctional facility later gave Rodriguez a prescription for tinted eyeglasses does not show that Dr. Quiñones was deliberately indifferent to a serious medical need. Once Dr. Quiñones determined that the tinted eyeglasses were not medically necessary, Nurse Riley could not overrule the doctor's order. *See Chacon v. Ofogh*, No. 7:08cv46, 2008 U.S. Dist. LEXIS 68350, at *13 (W.D. Va. Aug. 21, 2008). Moreover, Nurse Riley is entitled to rely on the doctor's prescribed course of treatment. *Miltier*, 896 F.2d at 854.

Further, MRRJ's policy prohibits more than two pair of glasses and also prohibits tinted lenses for safety and security reasons. Superintendent Lee denied Rodriguez's request based on

this policy. As there was no medical evidence that an exception was required in Rodriguez's case, the court will defer to the prison officials regarding this security matter. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (Courts must give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") Further, Superintendent Lee is not a doctor and to bring a medical treatment claim against non-medical personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with the prison doctor's treatment, or tacitly authorized or were indifferent to the prison doctor's misconduct. *Miltier*, 896 F.2d at 854. Prison personnel may rely on the opinion of medical staff as to the proper course of treatment. *Id.*; *Smith v. Barry*, 985 F.2d 180 (4th Cir. 1993). Rodriguez does not allege that Lee, in his position as Superintendent, is responsible for making medical decisions or administering medical treatment to inmates at MRRJ. Although Rodriguez claims that Lee denied his request regarding his tinted glasses, Rodriguez does not allege that he was personally involved in the doctor's decision to deny him tinted glasses, that he deliberately interfered with the doctor's treatment, or that he tacitly authorized or was indifferent to the doctor's misconduct. Accordingly, Rodriguez's claim against defendant Lee fails. In sum, finding no material fact in dispute on which a jury could find defendants were deliberately indifferent to a serious medical need, I will grant defendants' motion for summary judgment on Rodriguez's claim regarding his request for tinted eyeglasses.

## IV.

Rodriguez's second claim alleges that prison officials denied access to an "inmate helper" to assist with his legal research. Reasonable access by prisoners to both state and federal courts

7

is a guaranteed right, *Ex parte Hull*, 312 U.S. 546 (1941), and states must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, in making a claim regarding access to courts, a prisoner cannot rely on conclusory allegations. *White v. White*, 886 F.2d 721, 723-24 (4th 1989). Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). A prisoner must also identify an actual injury resulting from official conduct. *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993). A showing of injury is required in order to avoid adjudication of trivial claims of deprivation. In this case, Rodriguez fails to allege any injury to his litigation efforts as a result of the denial of an "inmate helper."[4]

Additionally, Rodriguez alleges no direct involvement by the named defendants in denying him access to courts, and thus his claim also fails on that basis. Liability under 42 U.S.C. § 1983 cannot be imposed upon a defendant unless the defendant is shown to have "participated directly" in the alleged violation of the plaintiff's constitutional rights. *Fisher v. Washington Metropolitan Area Transit Authority*, 690 F.2d 1133, 1142 (4th Cir. 1982) (no basis exists under 42 U.S.C. § 1983 for vicarious liability); *see also Ross v. Reed*, 719 F.2d 689, 698 (4th Cir. 1983) (respondeat superior liability has no place in § 1983 jurisprudence). Therefore, I find that Rodriguez has failed to state a constitutional claim and will grant defendants' motion for summary judgment.

---

[4] Rodriguez filed a motion for a continuance to obtain an affidavit from witness Gene Fuller. In his complaint, Rodriguez alleges he requested jail officials permit Fuller to assist him in the law library. However, Rodriguez does not indicate why Fuller's affidavit is relevant, or how it will help his case under *Strickler*. Because I find that Rodriguez failed to establish any injury related to this claim, I will deny his motion for a continuance.

## V.

For the reasons stated above, I will grant the defendants' motion for summary judgment on all of plaintiff's claims.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.


**ENTER**: This 5th day of June, 2013.

                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE